**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillips & Associates, P.C., an Arizona corporation; Phillips & Associates, an Arizona corporation; and Pacific Law Center, a California corporation,<br><br>    Plaintiffs/Counterdefendants,<br><br>vs.<br><br>Navigators Insurance Company, a New York corporation,<br><br>    Defendant/Counterclaimant.<br>_____<br>Navigators Insurance Company,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>Robert F. Clarke; Jeffrey L. Phillips; and Robert Arentz,<br><br>    Third-Party Defendants.<br>_____ | No. CV-10-781-PHX-DGC<br><br>**ORDER** |

Plaintiffs seek a declaratory judgment that insurance policies issued by Defendant Navigators Insurance Company ("Navigators") provide coverage for legal malpractice claims asserted against Plaintiffs and Third-Party Defendant Robert Clark (the "Insureds") in *Aganowski v. Pacific Law Center*, No. 37-2009-93677-CU-PN-CTL (Super. Ct. Cal. July 9, 2009) (the "*Aganowski* action"). Doc. 1-1 at 3-13. The Insureds have filed motions for leave to amend their pleadings to add a bad faith claim against Navigators. Docs. 38, 39. The

motions are fully briefed. Docs. 43, 44. No party has requested oral argument. For reasons stated below, the motions will be denied.

Rule 15 of the Federal Rules of Civil Procedure declares that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). While "this mandate is to be heeded," leave to amend may be denied if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Navigators defended the *Aganowski* action under a reservation of rights. As the parties approached a mediation in the case, the Insureds demanded that Navigators "work hard to resolve this case, within available policy limits, at [the] mediation." Doc. 43-1 at 20. Navigators did settle the case within policy limits at the mediation, still reserving its right to seek reimbursement of settlement and defense costs. The Insureds agreed to the settlement, but objected to Navigators' continuing reservation of rights. Docs. 38-3 at 30, 39-3 at 17. The Insureds now seek leave to claim that Navigators acted in bad faith by settling the case with a reservation of rights.

The proposed amended pleadings show that the Insureds "assented to the reasonableness and desirability of a [settlement within policy limits] and declined to pursue their own defense." *Progressive W. Ins. Co. v. Dallo*, No. 07CV1003 IEG (BLM), 2007 WL 3225439, at *8 (S.D. Cal. Oct. 30, 2007). The Insureds did not seek to take over the defense of the *Aganowski* action, but instead urged Navigators to settle the case within policy limits. Doc. 43-1 at 20. Where the insurer and insured expressly agree to settle a claim within policy limits and the insurer makes clear that it intends to seek reimbursement, the insurer does not act in bad faith by "unilaterally reserv[ing] its right to later assert non-coverage of [the] settled claim, even over the insured's objection[.]" *Burlington Ins. Co. v. Devdhara*, No. C 09-00421 SBA, 2010 WL 3749301, at *12 (N.D. Cal. Sept. 23, 2010) (citing *Blue Ridge Insurance Co. v. Jacobsen*, 22 P.3d 313, 321 (Cal. 2001)); *see also Desert Mountain Props. Ltd. P'ship v. Liberty Mut. Fire Ins. Co.*, 236 P.3d 421, 443 (Ariz. Ct. App. 2010) ("[A]n insurer does not commit bad faith simply by asserting a policy defense that turns out to be invalid or unfounded.").

1    Citing *United Services Automobile Association v. Morris*, 741 P.2d 246, 251 (Ariz. 1987), the Insureds contend that Navigators should not be allowed to "control the conditions of payment" while defending under a reservation of rights. Doc. 44 at 3. *Morris* holds that an insured confronted with a defense under a reservation of rights may unilaterally enter into a settlement agreement with the claimant that stipulates to a reasonable judgment, provides that the claimant will not seek to recover from the insured, and assigns to the claimant the insured's claims against the insurer. *Morris* holds that such an agreement does not breach the insured's cooperation obligation. The Insureds in this case, however, did not seek to enter into a *Morris* agreement with the claimants in the *Aganowski* action. They instead attended the mediation (Docs. 38-3 at 17, 39-3 at 5), agreed to the settlement amount (*Id.* at 30, 17), and signed the settlement agreement (Doc. 43-1 at 15-17). The Insureds do not dispute that they demanded that Navigators settle the case within policy limits (*see* Doc. 43-1 at 19-20), that Navigators did settle within policy limits, and that the Insureds agreed to the settlement (Docs. 38-3 at 17, 39-3 at 5). In effect, the Insureds are claiming that Navigators acted in bad faith by asserting that it had policy defenses. As already noted, however, "an insurer does not commit bad faith simply by asserting a policy defense[.]" *Desert Mountain Props. Ltd. P'ship*, 236 P.3d at 443.

The Court therefore will deny leave to amend on the ground of futility. *See Foman*, 371 U.S. at 182.

**IT IS ORDERED** that the motions for leave to amend pleadings to add a bad faith claim (Docs. 38, 39) are **denied**.

DATED this 22nd day of November, 2010.

David G. Campbell
United States District Judge

- 3 -